Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorneys for SN Servicing Corporation as Servicer for US
Bank Trust National Association as Trustee of the Cabana
Series IV Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 18-24461 |
| | : | |
| Tosca Kinchelow Schmidt | : | CHAPTER: 11 |
| | : | |
| Debtors | : | HON. JUDGE.: |
| | : | Rosemary Gambardella |
| | : | |
| | : | HEARING DATE: |
| | : | |
| | : | May 5, 2020 at 10:00 AM |
| | : | |

-------------------------------------------------------------------X

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY REGARDING REAL PROPERTY**

  SN Servicing Corporation as Servicer for US Bank Trust National Association as Trustee of the Cabana Series IV Trust, ("Movant") hereby moves this Court, pursuant to 11 U.S.C. 362(d), for relief from the automatic stay with respect to certain real property of the Debtor having an address of 471 East Saddle River Road, Ridgewood, NJ 07450, (the "Property"), for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law. In support of this Motion, Movant respectfully states:

**FACTUAL HISTORY**

  1. A Petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on July 19, 2018. Conversion to Chapter 11 occurred on October 3, 2018.

2. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $860,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A**.

3. Pursuant to the certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **Exhibit B**.

4. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of Mortgage, a copy of which is attached hereto as **Exhibit C**.

5. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $181.00 in filing costs.

## LEGAL ARGUMENT

6. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

7. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. In Re Michael Lancelot Taylor, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

8. As is shown in attached **Exhibit E**, Certification RE Post-Petition Payment History the Debtor(s) is/are in post-petition default for a total of $145,811.60.

9. Pursuant to 11 U.S.C. §362 (d), the court shall enter an order granting a secured creditor relief from the automatic stay where the debtor does not have equity in the property and the property in question is not necessary to an effective reorganization (*See* §362 (d)(2)(A)).

10. As of April 7, 2020, the outstanding amount of the Obligations less any partial payments or suspense balance is $1,489,992.43. *See* Creditor Certification as to Calculation of Amounts Due as **Exhibit E**. Broker's Price Opinion, attached hereto as **Exhibit D**, lists the property value as $800,000.00 as of July 16, 2019. Therefore, it is self-evident that the debtor lacks any equity in the subject property and the first prong of 11. U.S.C.(d)(2)(A) has been satisfied. See In Re Matter of Cardell, 88 B.R. 627, 631-32 (Bankr. N.J. 1988).

11. Pursuant to 11 U.S.C. 362(g)(2), the party opposing relief under 11 U.S.C. 362(d) has the burden of proof on all other issues save that of the debtor's equity in the property including whether a plan of reorganization is likely to be confirmed. As of the date of this motion the debtor has failed to make any showing that the property is required for reorganization under the Bankruptcy code. As the burden imposed upon the debtor by 11 USC 362(d)(2)(B) has not been met an order should be entered granting the movant relief from stay.

12. Oral argument is waived.

**WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the Mortgage and applicable law, including but not limited to allowing Movant and any successor or assigns to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to another case under any other chapter of Title 11 of the United States Code.

3. Additionally, Movant seeks relief from the Co-Debtor stay pursuant to 11 U.S.C. 1301(c). Section 1301 (c)(1) provides that the Co-Debtor stay shall be lifted where, as between the Debtor and Co-Debtor, the Co-Debtor received the consideration for the claim held by Secured Creditor.

4. For such other relief as the Court deems proper.

Dated: New York, NY
April 8, 2020

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for SN Servicing Corporation as Servicer for US Bank Trust National Association as Trustee of the Cabana Series IV Trust
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100
F: (212) 471-5150