| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Friedman Vartolo LLP<br>85 Broad Street- Suite 501<br>New York, New York 10004<br>bankruptcy@friedmanvartolo.com<br>T: (212) 471-5100<br>F: (212) 471-5150<br>Attorneys for SN Servicing Corporation as Servicer for US Bank Trust National Association as Trustee of the Cabana Series IV Trust |
| In Re:<br><br>          Tosca Kinchelow Schmidt<br>Debtor |

Order Filed on August 20, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 18-24461-RG

Chapter: 11

Hearing Date:
August 11, 2020 at 11:00am

Hon. Judge:
Rosemary Gambardella

# ORDER RESOLVING CREDITOR MOTION FOR RELIEF FROM THE AUTOMATIC STAY

    The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: August 20, 2020**

_Rosemary Gambardella_
Honorable Rosemary Gambardella
United States Bankruptcy Judge

|  |  |
|---|---|
| Applicant: | <u>SN Servicing Corporation as Servicer for US Bank Trust National Association as Trustee of the Cabana Series IV Trust</u> |
| Applicant's Counsel: | <u>Friedman Vartolo LLP</u> |
| Debtor's Counsel: | <u>David L. Stevens</u> |
| Co-Owner's Counsel | <u>Frank Taddeo</u> |
| Property Involved ("Collateral"): | <u>471 East Saddle River Road, Ridgewood, NJ 07450</u> |

Relief Sought:
- Relief from Automatic Stay

For good cause shown, it is **ORDERED** that Applicant's Motion(s) is (are) resolved, subject to the following conditions:

**ORDERED**, that the Debtor(s) shall make regular monthly adequate protection payments to Secured Creditor in the amount of $5,300.00, commencing with the September 1, 2020 payment; and it is further

**ORDERED**, that said payments shall be made in the form of certified funds and mailed to:

> SN Servicing Corporation
> P.O. Box 660820
> Dallas, TX 75266

and it is further,

**ORDERED**, that the Debtor(s) must obtain a realtor by October 1, 2020; and it is further

**ORDERED**, that the Debtor(s) must be under contract to close on the sale of the Collateral by November 20, 2020; and it is further

**ORDERED,** that if the collateral is under contract by November 20, 2020, the parties are obliged to negotiate a firm final closing date for the closing to occur. If the Collateral has not closed at the conclusion of the firm closing date, Applicant will submit an ex parte order granting Applicant immediate relief from the automatic stay, without further application of this Court; and

it is further

**ORDERED**, that in the event of Default, if the Debtor(s) fail to make regular monthly Adequate Protection payments within thirty (30) days of the date the payments are due, then the Secured Creditor may obtain relief via an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, Certification specifying the Debtors' failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the U.S. Trustee, the Debtor, the Co-Owner, the Debtors' Attorney, and the Co-Owner's Attorney; and it is further,

**ORDERED**, that if the Debtor(s) fail to timely appoint a realtor by October 1, 2020 or enter into a bonafide contract of sale for the collateral by November 20, 2020, then on October 2, 2020 and November 21, 2020 respectively, Secured Creditor may obtain relief via an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, Certification specifying the Debtors' failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the U.S. Trustee, the Debtor, the Co-Owner, the Debtors' Attorney, and the Co-Owner's Attorney; and it is further

**ORDERED**, that this Court found that Applicant (its successors and/or assigns) has demonstrated party of interest status under Section 1109 of the Bankruptcy Code to obtain stay relief pursuant to its Motion, and if Applicant obtains stay relief, Applicant must notify Debtor's Counsel and Co-Owner's Counsel of any scheduled Sheriff Sale; and it is further

**ORDERED**, this Order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.